Richardson, Oh. J.,
delivered the opinion of the court:
The facts admitted by the demurrer are that, under the provisions of section 363 of the Revised Statutes, the claimant was ■employed and retained by the Attorney-General to assist a ■district attorney in the trial of certain cases in which the United States was a party, and that the following instructions were given to him :
“ Department or Justice,
“ Washington, March 27, 1885.
“ Sir: You are authorized to take such steps as may be necessary to secure the needful evidence for the plaintiffs in the ■case of The United States v. V.- W. and J. W. Parker, now .pending in the United States District Court of Topeka, Kans. *463 If, in securing such evidence and in obtaining the attendance of witnesses, it becomes necessary for you to incur expenses not otherwise specially provided for, you will be reimbursed therefor by the Attorney-General upon your furnishing an itemized statement of such expenses, with all obtainable vouchers, and upon your certificate that said expenses were actually and necessarily incurred, and that it was impracticable to obtain further vouchers.
“ Very respectfully,
“A. H. Garland,

“Attorney-General.

u George L. Douglass, Esq.,
Assistant Attorney.”
Thereafter the claimant proceeded to procure the evidence necessary to the proper presentation of the plaintiffs’ case. The most important witnesses for the plaintiffs resided at remote points in the Territory of New Mexico, and in that portion of Texas known as the “ Pan Handle,” long distances from the line of any railroad, and from 500 to 1,000 miles from Topeka, where said case was tried. To attend the trial the witnesses were obliged to travel by stage or backboard wagons to the nearest railroad connections, at a cost of 15 cents per mile, and could be induced to go only on condition that their traveling expenses were paid. Their attendance was of vital importance to the presentation of the plaintiffs’ case, and it would have been impracticable, without great expense, to have taken their depositions at their respective places of abode. Had it been practicable to take their depositions, the interests of the plaintiffs at the trial would nevertheless have been better served by the personal production of the witnesses.
With the assent- and approval of the Attorney-General the claimant advanced and paid to them the sum of $328.35 in part payment of the actual cost of their transportation from their homes to Topeka, in addition to the usual witness fees paid by the marshal. This extra expense was made necessary by the excessive cost of transportation and their distant residences outside the district of Kansas and beyond the reach of the process of the court. Of said witnesses three were fourth-class postmasters, to whom $62.50 of said sum was paid for the purpose aforesaid.
After the trial of the case the claimant presented his account to the Attorney-General for $916.61, expenses incurred in said *464 suit, which expenses included the sum of $328.35 above referred to, for which charge special and itemized vouchers were duly furnished. On the 22d day of June, 1885, the Attorney-General indorsed said account as follows:
“Approved for $916.61, and respectfully referred to the First Auditor of the Treasury ; payment to be made from miscellaneous expenses fund, 1885, to George L. Douglass, Department of Justice.
“A. H. Garland,

“Attorney-General.”

The account thus approved has been allowed by the Comptroller and paid except the item of $328.35 (including said 62.50), which was rejected and remains unpaid.
The defense set up upon demurrer is that these payments are prohibited by the provisions of Devised Statutes, sections 823, 848, 849, 850, relating to witness fees. The latter three sections prescribe the fees which are limited by the former as follows:
“ Sec. 823. The following and no other compensation shall be taxed and allowed solicitors and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts, marshals, commissioners, witnesses, jurors, and printers in the several States and Territories, except in cases otherwise expressly provided by law.”
Those sections relate to witness fees to be taxed and allowed as such. But the claim in this case has nothing to do -with the question of taxable costs. Themoney paid by the claimant was in no sense whatever witness fees within the meaning of the statutes. • •
The witnesses to whom the money was paid lived from 500 to 1,000 miles from the place of trial. The case in which they were wanted by the Government was a civil case, and therefore they could not be reached by the process of the court. (Rev. Stat., § 876.)
The attorney for the United State.s then had the alternative either to take their depositions or to hire them to attend on the best terms he could make. Considering, no doubt, the much greater expense of employing a commissioner and sending special counsel to attend the examination, and the less value of depositions as compared with the oral examination of the witnesses before the jury, he made a contract with them to travel the long distance and to personally attend the trial. *465 By this contract he was to pay, and did pay, more than the fees fixed by statute for the taxation of costs.
Had the United States been the successful party in the suit the money paid on such a contract and' for such a purpose could not have been taxed against the opposite party in the bill of costs. But it was rightly and properly paid as part of the expenses of the Government, outside of the fee bill, which covers a very small part of the expenses of prosecuting or defending suits.
Had the witnesses been within the reach of the process of the court there would have been no necessity for any contract with them, and no extra compensation could have been properly paid for mere travel and attendance.
If the claimant did not well execute the directions given to him by the Attorney-General he was repousible to that officer, who is charged with the duty of supervising the conduct and proceedings of special attorneys appointed, as the claimant was, under the provisions of .Revised Statutes, section 363, and whom, in the prosecution of any suit for money due the Post-Office Department, as was the suit in which this money was paid, the attorney for the United States is, by Revised Statutes, section 381, specially bound to obey.
The Attorney-General approved in writing the payments made by the claimant, and thus ratified and confirmed the proceedings and adopted them as his own.
No question appears to have been raised by the accounting officers as' to the want of appropriation out of which such an expenditure could be made, and it was not suggested at the trial. We understand, therefore, that it is conceded that such an appropriation was at the disposal of the Attorney-General.
With the discretion intrusted to the Attorney-General by law neither the accounting officers nor this court can interfere, unless it be exercised in clear and palpable violation of law, which was not the case in the matter now under consideration.
There would be great and almost insurmountable embarrassment in the administration of the Government if all the discretion intrusted to executive officers in the expenditure of money were to be reviewed and revised by the accounting officers and the courts. (MacDaniel's Case, 7 Peters, 1; United States v. Jones, 18 How., 92.)
The payment of the $62.50 to four postmasters, towards their *466 expenses in going as witnesses to the place of trial from their distant homes, is not prohibited by the statutes relating' to extra compensation to public officers. (Saunders’s Case, 21 C. Cls. R., 408; Hartson’s Case, ib., 451.
The demurrer is overruled and judgment will be entered thereon for the amount of the claim set out in the petition, .unless the defendants elect before the close of the present week to plead to the petition.
Weldon, J., was prevented by illness from sitting in this case and took no part in the decision.